IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PAUL K. HOWE | § | |
| v. | § | CIVIL ACTION NO. 9:11cv162 |
| BRAD LIVINGSTON, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Paul Howe, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The case has been assigned to the docket of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(c). As Defendants, Howe named TDCJ Director Brad Livingston, Wardens Timothy Simmons and Timothy Lester, Sgt. Shawn Belknap, and Officer Steven Burns; of these, Livingston, Simmons, and Lester have been dismissed, leaving only Burns and Belknap.

In his complaint and at an evidentiary hearing, Howe complained that on April 23, 2010, Burns and Belknap retaliated against him for a previous lawsuit which he had filed, and that Belknap used excessive force on him. These defendants were ordered to answer the lawsuit and have done so. They have now filed a motion for summary judgment based upon exhaustion of administrative remedies. Howe has filed a response to this motion. Howe has also filed a motion for partial summary judgment, to which the Defendants have filed a response.

### The Defendants' Motion for Summary Judgment

In their motion, the Defendants say that a review of Howe's grievances for the relevant time period shows that he filed a Step One grievance on May 24, 2010, but this grievance did not complaint about the alleged assault; instead, it complained of deficiencies in the disciplinary case which he received over this incident. The Defendants state that Howe did not even allege that he

1

was assaulted, but simply said that "Belknap lost his head because he lost control that is sad for a supervisor not able to control his self cause he was having a bad day (reverse this punishment)." Howe did not file a Step Two grievance. Because Howe did not exhaust his administrative remedies on his claims through both steps of the TDCJ grievance procedures, the Defendants argue that his lawsuit should be dismissed.

In addition, the Defendants note that in his complaint, Howe admitted that he did not exhaust his administrative remedies, but argued that exhaustion did not apply. They state that in his original complaint, Howe said that "because of serious injuries inflicted my exhaustion of remedies does not apply." Howe also argued in his complaint that he filed a grievance on Belknap on May 5, and that he sent a copy of the disposition of this grievance to the Assistant Attorney General, who faxed it to the TDCJ Ombudsman. Howe states that he is "appalled" that Jesse Hoffman, who was the Assistant Attorney General in Howe's previous lawsuit, "did not file an attempt to investigate under 42 U.S.C. §1997a as to the State which deprived me such person of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, causing such persons 'Paul K. Howe' to suffer grievous harm, etc., §1997(i)(B)(ii)."

Howe's Response to the Motion

In his response to the motion for summary judgment, Howe says that he is a disabled veteran and has been disabled for over 21 years. He says that he qualifies under the Americans with Disabilities Act and the Texas Rehabilitation Act, and that discrimination against prisoners with disabilities has denied him equal protection of the law.

Howe states that he has two important witnesses, inmates John Banos and Lance Pitts. In December of 2009, TDCJ Executive Director Brad Livingston sent an investigator to the Polunsky Unit, and Banos spoke to him. Howe also spoke to him, and the investigator indicated that he had been sent by Livingston to find out "why the grievance procedure did not work." He says "that is why the Assistant Attorney General Patrick Pope did not see the exhaust administration remedies [sic[ because the Step Ones disappeared or were never answered!!!!!"

Howe goes on to say that the other thing the Court must pay attention to is the phone call between Burns and Belknap talking about killing him. He says that Pitts knows about this and needs to be questioned. Howe contends that he cannot talk to anyone else who can shed light on these incidents because he has been placed in administrative segregation for the purpose of trying to stop this lawsuit.

Next, Howe argues that exhaustion of administrative remedies is not required under the Rehabilitation Act, citing a Ninth Circuit case from 1990. He says that the Department of Justice is the agency that is to implement compliance procedures concerning state and local correctional facilities and says that there is no doubt that the Rehabilitation Act applies to prisons.

### Howe's Motion for Partial Summary Judgment

In his motion for partial summary judgment,. Howe says that Burns and Belknap conspired together on the phone to hurt or kill him if Belknap did not lock him up for allegedly "threatening an officer." He describes the use of force and says that he was not given due process in the disciplinary hearing, and that Captain Price, the disciplinary hearing officer, "ignored the truth." Howe argues that Price has "since been fired for lying about inmates."

In a "brief in support," which is attached to the motion, Howe states that he is now at the Darrington Unit after a "retaliatory transfer." He says that he was "maliciously and sadistically assaulted" when Belknap threw him to the ground face-first, but that he received disciplinary action for allegedly assaulting Belknap. Howe states that at the hearing, he saw a tape of the incident showing injuries to his foot, proving that Belknap had stepped on it. He also states that the testimony of Burns and Belknap conflicted, which should have resulted in dismissal of the case.

Although "the usual practice in the prison is to remove only general population inmate to segregation when he is charged with a serious disciplinary offense," Howe says that he was "put out of sight for my injuries, not to be seen lest someone get the idea to contact a civil rights organization, and or for all that know to scare off others from filing constitutional civil rights cases." He again

argues that the disciplinary case should have been set aside because of conflicting testimony and says that if the Court does not act, the rights of inmates are in jeopardy.

Howe states that he appealed to Warden Simmons, but never received a response. He indicates that he sent letters to the warden asking for intervention, but this did not happen. He states that Simmons and Lester, as well as persons named Hirsch and Price, denied his right to due process, and so he is entitled to summary judgment on the due process claim.

Howe next says that he wanted to call witnesses at the disciplinary case, but was not allowed to do so. He says that Captain Price did not explain why he believed the written report or the conflicting testimony of Burns and Belknap, and says that the injury to his foot shows that the assault on him was premeditated. He argues that Simmons, Lester, and Hirsch are responsible for the due process violation because they failed to correct the violation on appeal and that there was no evidence to support the conviction.

## The Defendants' Response

In their response, the Defendants point out that Simmons, Lester, Hirsch, and Price are not currently parties to the lawsuit, and that Burns and Belknap were not disciplinary hearing officers and did not determine the administrative process by which the disciplinary hearing was conducted. They also argue that Howe received the process which he was due and that the witness whom he wished to call, his cellmate, was denied because his cellmate did not witness the incident forming the basis of the case.

## Legal Standards and Analysis

### General Standards for Summary Judgment

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Securities and Exchange

Commission v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1994); General Electric Capital Corp. v. Southeastern Health Care, Inc., 950 F.2d 944, 948 (5th Cir. 1992); Rule 56(c), Fed. R. Civ. P.

To avoid summary judgment, the non-moving party must adduce admissible evidence which creates a fact issue concerning existence of every essential component of that party's case; unsubstantiated assertions of actual dispute will not suffice. Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Fifth Circuit has stated that once the moving party has met its burden, the non-movant must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a fair-minded jury that it is entitled to a verdict in its favor. ContiCommodity Services, Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

Summary judgment should be granted when the moving party presents evidence which negates any essential element of the opposing party's claim, including a showing that an essential element of the opposing party's claim is without factual support. First American Bank & Trust of Louisiana v. Texas Life Ins. Co., 10 F.3d 332, 334 (5th Cir. 1994). The granting of summary judgment is proper if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Caldas & Sons v. Willingham, 17 F.3d 123, 126 (5th Cir. 1994). Once the movant makes this showing, the burden shifts to the non-movant to come forward with evidence sufficient to establish the existence of a genuine issue of material fact. Caldas, 17 F.3d at 126-27.

Although the Court must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. Hulsey v. State of Texas, 929 F.2d 168, 170 (5th Cir. 1991); *see also* Gordon v. Watson, 622 F.2d 120 (5th Cir. 1980) (litigants may not oppose summary judgment through unsworn materials). Similarly, a bald allegation of a factual dispute is insufficient, in itself, to create a genuine issue of material fact. Recile, 10 F.3d at 1097 n.15. A non-movant cannot manufacture a factual dispute by asking the Court to draw inferences contrary to the evidence. Matsushita Electric

5

Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In short, a properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show that a genuine factual issue exists. Hulsey, 929 F.2d at 170, *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Fifth Circuit has stated that once the defendants have shifted the burden to the plaintiff by properly supporting their motion for summary judgment with competent evidence indicating an absence of genuine issues of material fact, the plaintiff cannot meet his burden by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court added that "summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant." Little, 37 F.3d at 1075.

The fact that a non-movant failed to respond to a motion for summary judgment is not itself a basis for granting that motion; rather, the movant has the initial burden of proof to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law. John v. State of Louisiana Bd. of Trustees for State Colleges and Universities, 757 F.2d 698, 708 (5th Cir. 1985). Once the movant has done so, the burden then shifts to the plaintiff, who must identify specific evidence in the record and articulate the precise manner in which that evidence supports his claims; the district has no duty to sift through the record in search of evidence to support a party's opposition to summary judgment. Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). As for material facts on which the plaintiff will bear the burden of proof at trial, he must come forward with evidence sufficient to enable him to survive a motion for directed verdict at trial. Stults, 76 F.3d at 656; *see also* Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim).

Exhaustion of Administrative Remedies

The Defendants argue that Howe did not exhaust his administrative remedies on his claims that Burns and Belknap retaliated against him or that Belknap used excessive force on him, which are the two claims remaining in the lawsuit. A review of Howe's grievances shows that he filed Step One grievance no. 21010160840, which he signed on May 21, 2010. This grievance reads as follows:

> S. Mosley counsel sub[stitute] tried to serve me [disciplinary case no.] 20100235275 I came back from the hospital the evening of 4/23/10 with a concussion, stitches over my left eye, stitches in my lip, a broken nose, cuts and bruises on my right knee, right foot, right shoulder, you should have all this in the use of force participant statement and a grievance sent to you and OIG [Office of the Inspector General] McCowan. Well the case was dropped by AW [assistant warden] Lester on Friday but served again by Captain Price. After talking to some officers I got some very disturbing news about you Sgt. Belknap, Officer Burns was the one that told me that he lied to you about harassing me. I was told by you, Mr. Duff, Captain Hutto, & you AW Hirsch that "you people" all the aforementioned would talk to him to stop retaliating against me but you just moved him around.
>
> Well it finally came to a head w/ false charges against me the day of 4/23/2010 approx. 1:30 p.m when he lied to Belknap about threatening an officer. Look at the disciplinary report and you can see that Lt. Miller I asked for and the tape of the recording film was also denied. So when I asked Captain Price to call S. Burns and his statement was "they fell over each other" and it was recorded to list to the tape and compare what Belknap said and what S. Burns said and you will see or hear two different stories that don't match. I ask in good faith for you to do what is morally correct and that the investigation will clear me from the lies of your employ. Jesus (Yashua) always said stand up for righteousness and turn from evil I will always tell the truth but all these cases I have because of lies told to you, you believed the wrong one. Not all inmates are bad as you have judged wrong I'm bringing this to you for a polygraph that will clear me without a doubt. Do you want the truth or believe a lie, up to you.
>
> The OIG has been notified about this. I ask you to do the right thing by me. Belknap lost his head because he lost control that is sad for a supervisor not able to control his self cause he was having a bad day (reverse this punishment).

The response to this grievance reads as follows:

> Disciplinary case 20100235275 was reviewed and no procedural or due process errors were identified. It appears that there was sufficient evidence to support a guilty verdict. The punishment imposed was within established guidelines; therefore, there is no valid reason to warrant overturning this case.

There is no record of a Step Two grievance having been filed concerning this grievance.

7

Prisoners are required to exhaust available administrative remedies before filing suit. 28 U.S.C. §1997e(a); Jones v. Bock, 549 U.S. 199, 202 (2007); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). Proper exhaustion is required, meaning that the prisoner must not only pursue all available avenues of relief, but must also comply with all administrative deadlines and procedural rules. Woodford v. Ngo, 548 U.S. 81-89-95 (2006). The Fifth Circuit has interpreted this requirement to mean that mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion; instead, prisoners are required to exhaust administrative remedies properly. Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir.2010), *citing* Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir.2001) *and* Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir.2001); *see also* Johnson v. Cheney, 313 Fed.Appx. 732, 2009 WL 614501 (5th Cir., March 11, 2009).

In this case, Howe is confined in the Texas Department of Criminal Justice, Correctional Institutions Division, and so must use the grievance procedure provided by TDCJ. This procedure consists of a Step One grievance, which must be filed within 15 days of the complained-of incident, and a Step Two grievance, which must be filed within 10 days of receiving an adverse decision at Step One. Both steps of the grievance procedure must be completed for a grievance to be considered exhausted. Johnson, 385 F.3d at 515.

Furthermore, in order for an issue to be exhausted properly, it must be presented in a Step One grievance and then appealed to Step Two; inmates may not present new issues at the Step Two level, but must present their claims at both the Step One and Step Two levels. Randle v. Woods, 299 Fed.Appx. 466, 2008 WL 4933754 (5th Cir., November 19, 2008), *citing* Woodford and Johnson.

In this case, the TDCJ records show that Howe did not appeal the denial of his grievance to the Step Two level. Because he did not complete the administrative grievance process, he has not exhausted his administrative remedies, and the Defendants' motion for summary judgment should be granted.

In his complaint, Howe contends that exhaustion is not required because he suffered severe injuries, citing 42 U.S.C. §1997a. In Days v. Johnson, 322 F.3d 863, 868 (5th Cir. 2003) (*per*

*curiam*), *overruled by implication on other grounds in* Jones v. Bock, 549 U.S. 199 (2006), the plaintiff Frank Days suffered a broken hand in the incident giving rise to the lawsuit. This rendered him unable to timely complete and file a grievance. Once his hand healed, he did file a Step One grievance, but this was denied as untimely. The Fifth Circuit held, on the "narrow facts of this case," that the administrative remedy process was effectively unavailable to the inmate. Specifically, the Fifth Circuit stated that "administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance." Days, 322 F.3d at 868.

In this case, Howe offers nothing to show that the injuries he sustained in the use of force incident rendered him physically unable to file a grievance, as was Days. Nor has he shown that he subsequently sought to file a grievance on the incident but this was denied as untimely. Thus, the limited rule in Days does not serve to excuse the exhaustion requirement. *See* Ferrington v. Louisiana Department of Corrections, 315 F.3d 529, 532 (5th Cir. 2002) (inmate's blindness was not itself a justification for his failure to exhaust administrative remedies).

Nor has Howe shown that the mere fact that he may have been injured is sufficient to excuse exhaustion. 42 U.S.C. §1997a, cited by Howe, refers to the discretionary authority of the Attorney General of the United States to initiate civil actions where a person in an institution is being subjected to "egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." Given that the Attorney General has not initiated such an action, he fails to show the relevance of this statute. Howe's claim on this point is without merit.

In his response to the Defendants' motion for summary judgment,. Howe appears to claim that he filed grievances which "disappeared or were never answered." He attaches a number of grievance forms to a document which he styles as a "motion for disclosure," but many of these forms do not show that they were ever submitted to or received by the prison officials. Furthermore,

9

although these forms date from both before and after April 23, 2010, none of them make any mention of the incidents forming the basis of this lawsuit. These documents, even had all of them been submitted to and received by the prison grievance officials, do not show that Howe exhausted his administrative remedies.

Nor does Howe's vague and conclusory assertion that he filed grievances which "disappeared or were never answered" serve to excuse the exhaustion requirement. The courts have held that conclusory allegations that a prisoner filed grievances which were not answered, or that the grievance process is otherwise "futile," are insufficient to evade the exhaustion requirement. See Kidd v. Livingston, 463 Fed.Appx. 311, 2012 WL 614372 (5th Cir., February 28, 2012) (conclusory assertion of exhaustion and production of an unprocessed Step Two grievance form did not create a genuine dispute as to plaintiff's exhaustion of this grievance). *Accord*, Willich v. Brownlow, civil action no. 6:08cv244, 2010 WL 297844 (E.D. Tex., January 19, 2010, no appeal taken) (rejecting conclusory allegation of inability to exhaust); Mentecki v. Corrections Corp. of America, 234 F.3d 1269, 2000 WL 1648127 (6th Cir., October 27, 2000) (inmate who "merely makes a speculative and conclusory assertion that filing a grievance would be futile has not satisfied the exhaustion requirement of Section 1997e(a)"); Nunez v. Goord, 172 F.Supp.2d 417, 428-29 (S.D.N.Y.2001) (inmate's unsupported claims that his grievances were lost at the grievance office or destroyed by officers failed to excuse inmate from exhaustion requirement); Veloz v. New York, 339 F.Supp.2d 505, 516 (S.D.N.Y.2004) (unsupported allegations that grievances "must have been lost or misplaced" does not relieve inmate of the obligation to appeal claims to the next level once it becomes clear that a response to the initial filing was not forthcoming).

These holdings are particularly applicable in the summary judgment context, where the Fifth Circuit has stated that once the defendants have shifted the burden to the plaintiff by properly supporting their motion for summary judgment with competent evidence indicating an absence of genuine issues of material fact, as has been done here, the plaintiff cannot meet his burden by some

metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. Little, 37 F.3d at 1075.[1]

In this case, Howe's conclusory and unsubstantiated assertions that he filed grievances which "disappeared or were never answered" are not sufficient to overcome the Defendants' summary judgment evidence showing that he has not exhausted his administrative remedies on his claims that Burns and Belknap retaliated against him or that Belknap used excessive force on him. This contention is without merit.

Howe also invokes the Americans with Disabilities Act and the Rehabilitation Act. However, the law is clear that prisoners bringing claims under the ADA or the RA are still required to exhaust their administrative remedies. In Wiley v. McKellar, 167 Fed.Appx. 385, 2006 WL 189941 (5th Cir., January 26, 2006), the plaintiff Willis Wiley, a Texas prisoner, argued that he was not required to exhaust administrative remedies with respect to his claims under the Americans with Disabilities Act. The Fifth Circuit rejected this contention, stating that "Wiley was thus required to exhaust his administrative remedies for all his claims, including those raised under the ADA, since they involved matters of prison life." This comports with the language of 42 U.S.C. §1997e(a), which provides that "no action shall be brought with respect to prison conditions under Section 1983 of this title, *or any other federal law*, by a prisoner confined in any jail, prison, or other correctional facility under such administrative remedies as are available are exhausted." Howe's lawsuit concerns prison conditions and the Americans with Disabilities Act and Rehabilitation Act are federal laws, and so exhaustion of administrative remedies is required. Smith v. Barton, 914 F.2d 1330, 1338 (9th Cir. 1990), the case cited by Howe, pre-dates enactment of the Prison Litigation

---

[1] It should be noted that a similar rule exists outside of the correctional context as well. In Parham v. Carrier Corp., 9 F.3d 383, 391 (5th Cir.1993), a wrongful discharge case, the Fifth Circuit held that to avoid the exhaustion requirement under a collective bargaining agreement, a former employee has the burden of producing some evidence that resort to available grievance procedures would in fact be futile. The Fifth Circuit expressly said that conclusory assertions or mere subjective belief, even if in good faith, would not suffice.

Reform Act, including the exhaustion requirement of 42 U.S.C. §1997e, and thus is inapplicable to this case. Howe's claim on this point is without merit.

Conclusion

The Court has carefully examined the record in this cause, including the Plaintiff's pleadings and testimony, the parties' motions for summary judgment and responses, all competent summary judgment evidence submitted by the parties, and all other documents and records in the case. Upon such review, the Court has determined that there are no disputed issues of material fact concerning the exhaustion issue, and that the Defendants are entitled to judgment as a matter of law because the Plaintiff Paul Howe failed to exhaust his administrative remedies. It is accordingly

ORDERED that the Defendants' motion for summary judgment for failure to exhaust administrative remedies (docket no. 35) is hereby GRANTED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice for failure to exhaust administrative remedies. 42 U.S.C. §1997e(a). It is further

ORDERED that any and all motions which may be pending in this cause, specifically including but not limited to the Plaintiff's motion for partial summary judgment, are hereby DENIED.

So **ORDERED** and **SIGNED** this **17** day of **September, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE